No. 16-1733

# In the United States Court of Appeals for the Fourth Circuit

GLOUCESTER COUNTY SCHOOL BOARD,
Defendant-Appellant,
v.
G.G. EX REL. GRIMM,
Plaintiff-Appellee.

Appeal from the U.S. District Court for the Eastern District of Virginia
Robert G. Doumar, Senior District Judge (No. 4:15-cv-00054-RGD-DEM)

## UNOPPOSED MOTION TO VACATE PRELIMINARY INJUNCTION

Defendant-Appellant Gloucester County School Board ("Board") respectfully asks this Court to vacate the preliminary injunction entered by the district court in this case. The Board believes that the injunction has already been effectively vacated by the Supreme Court's March 6, 2017 order vacating this Court's judgment in No. 15-2056, which was the predicate for the preliminary injunction. Out of an abundance of caution, however, the Board respectfully requests that this Court formally vacate the preliminary injunction and that the

Court do so promptly, before issuance of the Supreme Court's judgment terminates the stay currently in place.

Counsel for Plaintiff-Appellee does not oppose the relief sought by the Board's request.

## BACKGROUND

G.G. sued the Board on June 11, 2015, under Title IX and the Equal Protection Clause. In September 2015, the district court denied G.G.'s request for a preliminary injunction and granted the Board's motion to dismiss the Title IX claim. *G.G. v. Gloucester County School Board*, 132 F. Supp. 3d 736 (E.D. Va. 2015) ("*G.G. I*").

On April 19, 2016, this Court reversed, holding that the district court should have "accorded controlling weight" to the Title IX interpretation in a U.S. Department of Education letter. *G.G. v. Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 723 (4th Cir.) ("*G.G. II*") (No. 15-2056). The Court remanded for further proceedings. *Id* at 725-26. On remand, the district court entered a preliminary injunction without further briefing or evidence. *G.G. v. Gloucester Cnty. Sch. Bd.*, No. 4:15-CV-54, 2016 WL 3581852, at *1 (E.D. Va. June 23, 2016) ("*G.G. III*").

The Board appealed (No. 16-1733). When this Court denied a stay, the Board asked the Supreme Court to recall and stay this Court's mandate in No. 15-2056 and to stay the injunction pending a certiorari petition. The Supreme Court granted the Board's request on August 3, 2016. *Gloucester Cnty. Sch. Bd. v. G.G.*, 136 S. Ct. 2442 (2016) (per curiam) ("*G.G. IV*"). The Board petitioned for certiorari in No. 15-2056 and for certiorari before judgment in No. 16-1733, which the Supreme Court granted on October 28, 2016, and set for argument on March 28, 2017.

On February 22, 2017, the U.S. Departments of Education and Justice issued a "Dear Colleague" letter rescinding Title IX guidance issued by the prior administration, including the letter this Court relied on in No. 15-2056. Rather than hear argument, the Supreme Court issued this summary disposition on March 6, 2017:

> The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Fourth Circuit for further consideration in light of the guidance document issued by the Department of Education and Department of Justice on February 22, 2017.

*Gloucester Cnty. Sch. Bd. v. G.G.*, No. 16-273, 2017 WL 855755, at *1 (U.S. Mar. 6, 2017) ("*G.G. V*"). Because the Supreme Court's judgment

has not yet issued, the stay remains in effect. *G.G. IV*, 136 S. Ct. 2442 (providing "stay shall terminate upon the issuance of the judgment of this Court").

## ARGUMENT

The Supreme Court's March 6, 2017 decision should necessarily result in vacating the preliminary injunction. The district court's order granting the injunction depended on this Court's holding and reasoning in *G.G. II*. *See G.G. III*, 2016 WL 3581852, at *1 (adopting Judge Davis' explanation for "why the Preliminary Injunction should issue in light of the Court of Appeals' analysis of Title IX"). That decision has now been vacated by the Supreme Court, removing the prior basis for considering G.G. likely to succeed on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits"). The Court should recognize this changed state of affairs by formally vacating the preliminary injunction.

Doing so would also serve the interests of justice. Further proceedings in this Court will be necessary on remand, and it would be inappropriate to compel the Board to operate under a preliminary

injunction now deprived of its legal predicate. Moreover, vacating the preliminary injunction would preserve the status quo. The injunction was stayed by the Supreme Court before the 2016 academic year began and has never been in effect while classes were in session. Vacating the preliminary injunction would thus change nothing about the current policy in force at Gloucester High and would properly maintain the status quo on remand.

## CONCLUSION

For the foregoing reasons, the Board respectfully asks the Court to vacate the preliminary injunction. Counsel for Plaintiff-Appellee does not object to the relief requested by this motion.

Respectfully submitted,

s/ *S. Kyle Duncan*

S. Kyle Duncan
Gene C. Schaerr
Stephen S. Schwartz
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 714-9492
Kduncan@Schaerr-Duncan.com

David P. Corrigan
Jeremy D. Capps
M. Scott Fisher Jr.
HARMAN, CLAYTOR,
CORRIGAN & WELLMAN
Post Office Box 70280
Richmond, VA 23255
(804) 747-5200

*Counsel for Defendant-Appellant*

March 10, 2017

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating attorneys

This the 10th day of March, 2017.

s/ *S. Kyle Duncan*
S. Kyle Duncan
*Counsel for Defendant-Appellant*